City of York *v.* Donald L. Reihart, District Attor-
ney of York County, and White Rose Lodge No.
15, Fraternal Order of Police.   (2 Cases)

Argued September 9, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Harold N. Fitzkee, Jr.,* for appellant, White Rose Lodge No. 15 and Fraternal Order of Police.

*John W. Thompson, Jr.,* City Solicitor, for appellant, City of York.

*Donald L. Reihart,* appellee, for himself.

Opinion by President Judge Bowman, November 9, 1976:

By declaratory judgment proceedings, the City of York sought judicial resolution of the legality of a contract provision between it and its police officers which was the product of binding arbitration pursuant to the Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §217.1 et seq., commonly referred to as Act 111. This Act provides for collective bargaining and ultimate binding arbitration between public employers and the bargaining representatives of their policemen and firemen "concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits...."[1]

The controversial section of the contract provides:

"Each Policeman will receive $15.00 for each day or portion thereof spent in appearances at court or hearing during off-duty time."

Apparently cowed by a declaration of the District Attorney of York County that he considered such payments to be illegal, against public policy, and possibly subject to criminal prosecution, and the publicity resulting therefrom, the City initiated the instant proceedings against the District Attorney. The record discloses that the local lodge of the Fraternal Order of Police was brought in as a party defendant, but we are left to speculate how it is here postured as a party plaintiff-appellant.

By characterizing the payments to be received by the police officers under this contract as "fees," the court below[2] found the contract provision to be invalid as repugnant to public policy. The court below relied in part upon a review of the statutory law per-

---

[1] Section 1, 43 P.S. §217.1.

[2] 89 York Leg. Reg. 175 (1976).

taining generally to compensation of police officers and particularly to police officers of third class cities.[3]

Persuasive, and probably controlling of the conclusion reached by the court below, is its view that the payments provided for in the contract were not made on a per diem basis, but were instead made on the basis of $15.00 per appearance, regardless of the number of off-duty appearances made on a given day. If so, and if the contract provision in dispute is susceptible of a meaning permitting payments on a per appearance basis, we would not hesitate to affirm the court below. Such payments would then be fees and illegal as against public policy for want of any rational relationship between the payments provided for and compensation for police duty during a time when the officer would otherwise be off duty.

However, it is our opinion that the contract provision in dispute is clear and unambiguous and is capable of only one meaning. Regardless of the number of appearances per day by a policeman while off duty, whether it be one or many, he is entitled to receive $15.00 under the terms of the contract which is the product of collective bargaining and binding arbitration under Act 111. In this context, this provision deals with terms and conditions of employment of police officers including compensation, hours and working conditions and is thus within the scope of Section 1 of Act 111, 43 P.S. §217.1, and is not violative of any positive statutory law. See Cheltenham Township v. Cheltenham Township Police Department, 11 Pa. Commonwealth Ct. 348, 312 A.2d 835 (1973).

The trial court, in concluding that the contract provision was tantamount to a fee and therefore illegal as against public policy, relied in part upon the provision of Section 2008 of The Third Class City

---

[3] Section 2008 of The Third Class City Code, Act of June 23, 1931, P.L. 932, as amended, 53 P.S. §37008.

Code, Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §37008. It provides:

"No policeman shall ask, demand or receive any compensation or reward whatsoever for his services other than that provided by ordinance, except rewards offered for the arrest of persons accused of crime committed outside of the city in which they hold office, and witness fees and mileage as provided by law for their appearance in any court of record. Any policeman violating any of the provisions of this section shall be guilty of a misdemeanor in office, and, upon conviction, shall be sentenced to pay a fine not exceeding fifty dollars, or undergo imprisonment not exceeding thirty days, or both, at the discretion of the court, to be followed by dismissal from office."

As suggested above, while we agree that this section is relevant as positive statutory law prohibiting witness fees to be paid to police officers except as otherwise provided by other statutory law, we do not view it as a barrier to collective bargaining or binding arbitration under Act 111 with respect to compensation of police officers for police duty during periods when they would otherwise be off duty. A contract provision relating to compensation for police officers for duty performed during off-duty time is not per se violative of Section 2008 of The Third Class City Code.

This brings us to the dilemma confronting us in disposing of this appeal. The court below states in its opinion that the case was submitted on a stipulation of facts, yet the record contains no such stipulation. Lacking both a stipulation of facts and findings of fact by the court below—which would be unnecessary if we had the benefit of a stipulation—our review of the record convinces us that it is not unqualifiedly decisive of the controlling question of fact necessary to resolve this dispute.

In its opinion, the court below in posturing the issues before it, states that pursuant to this provision of the contract "the City has been and is paying each police officer $15.00 *for each appearance* during his off-duty time. . . ." (Emphasis added.) It apparently reaches this conclusion upon the basis of four documents[4] which bear captions from which it could be inferred that the $15.00 payments during the year 1974 were made on *an appearance basis.* We, however, have no stipulation of facts or clear evidence in the record before us that such was the case; and the possible inference that payments were made on a per appearance basis is further weakened by the averments of the pleadings themselves which put in issue the validity of the contract provision per se, but not a practice carried on contrary to it.

In conclusion, we are of the opinion that the contract provision in dispute is lawful as a proper subject of collective bargaining and binding arbitration under Act 111, and is not violative of positive statutory law relating to compensation of police officers of third class cities for the reason that it is rationally related to compensating them for time spent on police duty during off-duty hours. *See Cheltenham Township, supra.* We are also of the opinion that the contract provision is clear and unambiguous, requiring only payment of $15.00 per day to police officers for appearances during off-duty time, regardless of the number of such appearances. Any practice carried on contrary to this clear meaning would be, and is, illegal, not because of the per se invalidity of the contract provision, but because it violates the contract and constitutes a fee.

Being of the further opinion that the court below in declaratory judgment proceedings has the power

---

[4] Bearing the mark "Defendant's Exhibits" Nos. 1-4 inclusive.

and authority to fulfill its duty to expeditiously terminate the uncertainty and controversy[5] surrounding the contract provision in question and the practice being followed in its application, we shall remand the case to it for further proceedings.

## ORDER

Now, November 9, 1976, the order of the court below is reversed and the case is remanded to it for further proceedings consistent with this opinion. If upon further proceedings the court below shall find that the practice under the disputed contract provision is to pay police officers of the City of York $15.00 for each appearance during off-duty time, it shall declare such practice unlawful and prohibit it. If it shall find that the contract provision is being executed within its clear meaning, it shall declare the contract provision lawful and binding upon the City of York.

---

[5] *Eureka Casualty Co. v. Henderson*, 371 Pa. 587, 92 A.2d 551 (1952).