Frank Conley, Joseph Friel and Theodore Pokay v. Clare Joyce, Controller, City of Chester, Thomas McCue, Deputy Director of Accounts and Finance, City of Chester, and Howard MacNeilly, Treasurer, City of Chester, and John H. Nacrelli, Clement J. McGovern, Jr., Alexander V. Osowski, Leo S. Holmes, and James Sharp, Comprising the Chester City Council. (2 Cases)

Argued October 6, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Alexander A. DiSanti,* with him *Richard, Brian, DiSanti & Hamilton,* for Frank Conley, et al.

*Louis J. Sinatra,* with him *Melvin G. Levy,* and, of counsel, *Levy and Levy,* for Clare Joyce, et al.

OPINION BY JUDGE MENCER, December 10, 1976:

This action arises on cross appeals from an order of the Court of Common Pleas of Delaware County in a mandamus action brought by police officers of the City of Chester (City) to compel compliance with an arbitration award rendered pursuant to Section 4 of the Act of June 24, 1968, P.L. 237, 43 P.S. §217.4 (Act

111). By a stipulation of facts, it was agreed that the case of plaintiff Joseph Friel would be submitted as representative of the Chester Police Department's claims for overtime from January 1, 1973 to December 31, 1975. The legal determination in this case will control in the cases of all police officers of the City similarly situated. At issue in this case is paragraph 3 of the arbitrators' award which provides:

Each member of the [police] department shall receive time and a half for all time in excess of 320 hours worked during an eight week period. The Board suggests in order to make this workable, that the department continue the four platoon system but do so on a six day on and two day off basis with regularly scheduled days off for each officer during said eight week period resulting in a normal schedule of 320 work hours in each eight week period. Payment shall be made for overtime in the paycheck for the ninth week to the extent that no compensatory time has been given for time worked in excess of 320 hours for said eight week period. Compensating time may however be given either during the eight week period or during the ninth week. Overtime for duty as a witness in a criminal court shall be paid for only as straight time and civil time shall not constitute overtime.

Before we address the issues raised in these appeals, we are compelled to point out that the court below interpreted this paragraph to mean that overtime would be paid for hours in excess of the regularly scheduled 40 hours worked *each week*, not to exceed a total of 44 hours of work per week. However, by the terms of the award it is apparent that overtime is to be calculated on the basis of an 8-week period.[1] With

---

[1] The difference is not merely academic since, for example, alternate weeks of 44 hours and 36 hours in the lower court's inter-

this in mind, the lower court's interpretation must be somewhat modified to comport with the plain language of the award. As we noted, the court's order upheld the award insofar as it granted overtime pay at time and a half for hours worked in excess of 40 hours in one week up to a limit of 4 hours of overtime (44 hours) per week. It would have been more accurate, in our opinion, to have stated that overtime is payable at time and a half for hours worked in excess of 320 in an 8-week period, provided that in any one week only 44 hours may be counted toward the total.[2]

This proviso and the holding of the court below are based on Section 2004 of The Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §37004, which provides in relevant part:

> No city shall employ or require any police officer to remain on duty for more than eight hours in any twenty-four consecutive hours, nor more than forty-four hours in any one week, unless in emergency cases for the suppression of riots or tumults or the preservation of the public peace....

Notwithstanding this express prohibition, it was stipulated that on several occasions Friel worked in excess of 44 hours in one week.

With regard to the award of pay for criminal court attendance during off-duty hours, the lower court concluded that Section 2004 prohibited compensation for an officer's appearances in criminal court "within any 24 hour period *after or outside* his 8 hour scheduled City duty." (Emphasis in original.)

---

pretation could result in 16 hours of overtime in an 8-week period. Under paragraph 3, the resulting total of 320 hours over an 8-week period would result in no overtime pay.

[2] While this modification was not urged by either party, we may not allow an obvious error to remain uncorrected. We note, however, that the thrust of the lower court's legal conclusions remains unaffected by this modification.

472

The police, as appellants in the case docketed at No. 117 Commonwealth Docket 1976, contend that the lower court erred, first, by refusing to enforce the award of overtime pay for hours worked in excess of 44 hours per week and, second, by refusing to enforce the award of overtime at "straight time" rates for off-duty hours spent in criminal court as a result of law enforcement activities.

As the appellant in the case docketed at No. 129 Commonwealth Docket 1976, the City contends that the lower court erred in awarding any overtime pay and in awarding it at the rate of time and a half. The City argues that there is no authorization in the Code for the grant of overtime pay or pay at time and a half rates.

It is uncontestable that a municipality has no power to enact an ordinance except as authorized by the legislature. *Taylor v. Abernathy,* 422 Pa. 629, 222 A. 2d 863 (1966). Further, any arbitration award which would require a city to pass an ordinance not in accordance with its enabling statute could not be enforced. *See generally Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969). In this case, the enabling legislation is the Code which provides, in Section 2001, 53 P.S. §37001:

> The council shall fix, by ordinance, the number, grades and compensation of the members of the city police force. . . .

Although there is no express grant of power to authorize overtime pay, the term "compensation" in its ordinary meaning is certainly broad enough to include overtime pay at whatever rate is determined through the collective bargaining process. There is, however, an *express* statutory prohibition against requiring police officers to work more than 8 hours in a 24-hour period (with one exception) or more than 44 hours per week. We agree with the lower court that this pro-

hibition limits the compensable on-duty hours that a police officer may work in one week. We hold that the lower court was correct in its determination that the award was enforceable only to the extent that it provided for overtime pay for hours worked not to exceed 44 hours per week.

The police officers assert, however, that they are often scheduled to work more than 44 hours in some weeks. If this practice is, in fact, prevalent, the police must seek their remedy through the grievance procedure or, if necessary, through the courts, but in no event can they be compensated in violation of an express statutory provision.[3]

On the issue of overtime pay at straight time for off-duty hours spent in criminal court as a result of on-duty law enforcement activities, we note that Section 2004 precludes the city only from requiring any police officer to remain *on duty* for more than 8 hours in any 24 consecutive hours. Police officers who are subpoenaed or requested to appear in court during their off-duty hours as a result of their jobs are not being required to do so by the city nor are they on duty. However, in recognition of the fact that the

---

[3] Following our holding, the computation of Friel's hours as presented in paragraph 2 of the stipulation would be as follows:

|  | Hours Worked | Compensable Hours |
|---|---|---|
| February 25—March 2 | 44 | 44 |
| March 6—March 10 | 40 | 40 |
| March 11—March 17 | 40 | 40 |
| March 18—March 24 | 36 | 36 |
| March 25—March 31 | 48 | 44 |
| April 3—April 7 | 40 | 40 |
| April 8—April 14 | 40 | 40 |
| April 15—April 21 | 40 | 40 |
| Total | 328 | 324 |
| Compensable Overtime | | 4 |

court time is a direct result of police activities during on-duty hours, the city, under its authority to fix compensation, may agree to or be required to abide by an award granting compensation for court time. That compensation must not, of course, constitute a fee in violation of Section 2008 of the Code, 53 P.S. §37008. *See, e.g., City of York v. Reihart*, 27 Pa. Commonwealth Ct. 36, 265 A.2d 693 (1976).

We therefore hold that the court below erred in concluding that Section 2004 precluded compensation for off-duty time spent in criminal court. On-duty time spent in court must, of course, be treated as any other duty time.

Order affirmed in part and reversed in part.

### ORDER

Now, this 10th day of December, 1976, the order of the Court of Common Pleas of Delaware County in the above captioned case is affirmed as it relates to overtime pay for hours in excess of 320 in an 8-week period but limited to 44 hours of duty in any one week. The order is reversed as it relates to the denial of compensation for off-duty appearances by policemen in criminal court as a direct result of their on-duty law enforcement responsibilities.